IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ANTHONY GLASS | § | |
| v. | § | CIVIL ACTION NO. 5:05cv220 |
| BOWIE COUNTY COURT SYSTEM, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Anthony Glass, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Glass sued the "Bowie County court system" and district attorney Bobby Lockhart. He complained that on April 29, 2005, he went to court on a theft charge, and his attorney got him an 18-month sentence, with 18 months of credit for jail time.  Instead of being released, however, Glass says that he was sent to the Bradshaw State Jail for an 18-month sentence, although he had already received credit for the time.  For relief, Glass seeks monetary damages.

After review of the complaint, the Magistrate Judge issued a Report on October 5, 2006, recommending that the lawsuit be dismissed.  The Magistrate Judge observed first that the "Bowie County court system" is not an entity which can be sued in its own name, and Bobby Lockhart has absolute immunity from lawsuits for monetary damages for actions taken in his prosecutorial capacity.

1

Next, the Magistrate Judge stated that to recover damages for allegedly unconstitutional imprisonment or conviction, or for other harm caused by actions which would render a conviction invalid, a plaintiff must show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question through the issuance of a federal writ of habeas corpus. *See* Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Glass has not made such a showing; the Magistrate Judge stated that although Glass claims to have been released in July of 2005, the Heck rule applies to inmates who have been released from custody.  Randall v. Johnson, 227 F.3d 300 (5th Cir. 2000). Because Glass has not met the Heck prerequisites, the Magistrate Judge said, his lawsuit must be dismissed even were he to overcome the bar of absolute immunity.

Glass received a copy of the Magistrate Judge's Report on October 11, 2006, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous; however, such dismissal is without prejudice to Glass' right to refile his lawsuit, against a proper Defendant or Defendants, at such time as he can show that the conviction or sentence complained of has been set aside, expunged, or otherwise declared invalid. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 7th day of November, 2006.**

_____

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE